IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT MEO,

        Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.

ORDER

16-cv-760-slc

---

On April 27, 2017, the court granted the parties' joint motion to remand this case for further proceedings before an administrative law judge, pursuant to sentence four of 42 U.S.C. § 405(g). *See* dkts. 11 & 12. On October 4, 2017, over five months after the entry of that order, plaintiff's counsel, Attorney Curtiss Lien, moved for an award of fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $3,021.12. Dkt. 13. The commissioner has objected to the request on the ground that the motion is untimely. Dkt. 18.

The commissioner points out that an application for attorney fees under the EAJA must be filed within 30 days of a final judgment for which the time for appeal has ended. 28 U.S.C. §§ 2412(d)(1)(B) and (d)(2)(g); *Shalala v. Schaefer*, 509 U.S. 292, 302-03 (1993). In a civil case to which a federal officer is a party, the time for appeal does not end until 60 days after "entry of judgment." Fed. R. App. Proc. 4(a)(1), (7). Therefore, a claimant typically has 90 days after the district court enters judgment to file an EAJA application. *Shalala*, 509 U.S. 302-03; *Dinunzio v. Apfel*, 101 F. Supp. 2d 1028, 1032 (N.D. Ill. 2000) ("EAJA provides a thirty-day period commencing at the end of the appeal period in which to file an application for attorney fees"). However, the Court of Appeals for the Seventh Circuit has concluded that a party may appeal a settlement or consent decree only if he expressly reserves the right to appeal, so when

remand is ordered pursuant to a settlement in which there was no such reservation, a party has only 30 days from the entry of judgment to file an EAJA application. *INB Banking Co. v. Iron Peddlers, Inc.*, 993 F.2d 1291, 1292 (7th Cir. 1993); *Olvey v. Colvin*, 2015 WL 5672622, *3 (S.D. Ind. Sept. 25, 2015).

In this case, I entered final judgment on April 28, 2017, giving Attorney Lien 30 days–until May 27, 2017–to file his EAJA application. Lien did not file an application until October 4, 160 days after the entry of final judgment. Many courts have held that the EAJA application deadline is subject to equitable tolling in social security cases in which the plaintiff pursued his rights diligently and an extraordinary circumstance prevented timely filing. *See, e.g., Townsend v. Commissioner of Soc. Sec.*, 415 F.3d 578, 583 (6th Cir. 2005) ("In sum, we conclude that based on the Supreme Court's decision in *Scarborough*, the EAJA time limitation for fee applications is subject to equitable tolling."); *Criss v. Berryhill*, 2017 WL 3430578, at *2 (N.D. Ill. Aug. 9, 2017); *Doelling v. Colvin*, 2015 WL 1280106, at *2 (W.D. Ark. Mar. 20, 2015) ("Because the 30-day deadline is not jurisdictional, courts may consider equitable-tolling and the relation back doctrine when addressing an untimely filing or amended application for attorney fees."). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (describing equitable tolling standard).

Attorney Lien, however, has not filed a reply brief disputing the Commissioner's contentions, he has not made a case for equitable tolling, and he has not otherwise acknowledged the fact that his petition was untimely. Simple counsel error is not enough to meet this standard because a plaintiff is held responsible for the errors of his attorney. *Sheikh v. Grant Reg'l Health Ctr.*, 769 F.3d 549, 552 (7th Cir. 2014) ("[I]n civil litigation the lawyer's errors are attributed to the client; the client's only remedy is an action for malpractice").

2

Accordingly,

It is ORDERED that plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, dkt. 13, is DENIED as untimely.

Entered this 5th day of December, 2017.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge